## LOUIS MARK v. DAVID FINK and Another.[1]

May 15, 1914.

Nos. 18,464—(53).

**Assault and battery — evidence.**
    1. The evidence sustains the verdict finding defendants liable to plaintiff for an assault committed by them.

**Damages excessive.**
    2. The damages awarded are excessive.

**New trial.**
    3. It was not error to deny a new trial asked on the ground of newly discovered evidence.

[1] Reported in 147 N. W. 279.
    125 M.—26.

Action in the district court for Ramsey county to recover $10,000 for assault and battery, committed while plaintiff was officiating at a religious service in the Synagogue of the Sons of Abraham. The case was tried before Catlin, J., who denied the motion of defendant David Fink for a directed verdict, and a jury which returned a verdict for $5,000 in favor of plaintiff. From an order denying separate motions of defendants for judgment notwithstanding the verdict or a new trial, defendants appealed. Affirmed on condition that plaintiff consent to a reduction of the verdict to $3,000.

*Schmidt & Waters,* for appellants.

*Frank Ford,* for respondent.

BUNN, J.

Plaintiff secured a verdict of $5,000 against both defendants. Each defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

The action was to recover damages sustained from an alleged assault by defendants. The assignments of error relate to the sufficiency of the evidence to sustain the verdict, the amount of the damages, and a claim of newly discovered evidence.

1. The case was one for the jury as to both defendants, and the evidence fairly sustains the verdict finding them liable to plaintiff. The fight in the Synagogue might be interesting on the sporting page of a daily newspaper, but the story of the battle should not be preserved in our reports. The jury was justified in accepting the version given by plaintiff and his witnesses.

2. The verdict is large. The jury was instructed to allow such damages as in its judgment would fairly compensate plaintiff for the injuries sustained, and we must assume that the verdict was limited to compensatory damages. The question therefore is whether $5,000 is so plainly in excess of fair compensation for the injuries sustained that we ought to disturb the action of the trial court in approving the verdict. In deciding this question, we must take as true the account of his injuries given by plaintiff and his physician. In other words, we must assume that the assault caused a rupture, and that this condition is permanent, unless a successful operation

is performed. This is undoubtedly a serious injury, but it has not interfered with plaintiff's earning capacity. He is a grocer, and was attending to his business as usual within a few weeks after the assault. He is not disfigured. Making all due allowance for the nature and permanent character of the injury, and the other minor elements of damage, such as pain, loss of time, and the services of a physician, we feel that the verdict is clearly in excess of fair compensation. We treat the question as we would in any personal injury case, not considering who the parties are, or the circumstances surrounding the assault.

3. The affidavits tending to show newly discovered evidence did not require the granting of a new trial. The evidence was cumulative, and the same efforts to discover it before the trial that were used afterwards would undoubtedly have been successful.

The two assignments of error relating to the charge are not discussed in the brief, and are therefore waived.

The order appealed from is affirmed on condition that plaintiff, within 10 days after the remittitur goes down, file his consent to a reduction of the verdict to the sum of $3,000. In case such consent is not filed, a new trial is granted.